H. Joseph Cronen (HC 4814)
Nathaniel K. Charny (NC 5664)
Charny & Wheeler P.C.
9 West Market Street
Rhinebeck, New York  12572
Tel - (845) 876-7500
Fax - (845) 876-7501
jcronen@charnywheeler.com
ncharny@charnywheeler.com

Attorneys for Plaintiff Anthony Gresch

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY GRESCH,<br><br>        Plaintiff,<br><br>  -against-<br><br>UNITED PARCEL SERVICE OF AMERICA, INC.,<br>and MARTY PERRICONE, Individually,<br><br>        Defendants. | COMPLAINT<br><br>Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

Plaintiff complains, upon knowledge as to himself and his own acts, and upon information and belief as to all other matters, as follows:

### NATURE OF THE CASE

1. Plaintiff complains pursuant to the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, and the New York State Human Rights Law ("NYSHRL"), New York State Executive Law § 290, *et seq*. Plaintiff seeks damages to redress the injuries Plaintiff suffered when Defendants interfered with Plaintiff's rights under the FMLA and retaliated against Plaintiff for engaging in protected activity under the FMLA. Plaintiff also seeks damages for being discriminated against under the NYSHRL on the basis of Plaintiff's familial status.

1

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under and 28 U.S.C. §§ 1331 and 1343 as it arises under the laws of the United States and is an action to recover damages or to secure equitable or other relief under an Act of Congress providing for the protection of civil rights.

3. This Court has supplemental jurisdiction over Plaintiff's claims brought under state law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as Defendant United Parcel Service of America, Inc. resides in the Southern District of New York as defined by 28 U.S.C. §§ 1391(c)(2) and 1391(d).

5. As suffices to establish residency under 28 U.S.C. § 1391(c)(2), Defendant United Parcel Service of America, Inc. is an entity with capacity to sue or be sued under the applicable law, and is a defendant subject to this Court's personal jurisdiction with respect to this civil action.

6. As suffices to establish residency under 28 U.S.C. § 1391(d), Defendant United Parcel Service of America, Inc. is a corporation subject to personal jurisdiction of courts in New York State, and Defendant United Parcel Service of America, Inc.'s contacts would be sufficient to subject it to personal jurisdiction of this district if this district were a separate State.

## PARTIES

7. At all times material, Plaintiff was a resident of Greene County, New York.

8. Defendant United Parcel Service of America, Inc. ("UPS") is a corporate entity organized under the laws of the State of Georgia.

9. Plaintiff worked at least 1,250 hours for Defendant UPS in the 12-month period preceding his request for leave.

10. At all times material, Defendant UPS had at least 50 employees within a 75 mile radius of Plaintiff's workplace.

11. At all times material, Defendant UPS was Plaintiff's employer under the FMLA.

12. At all times material, Defendant UPS was Plaintiff's employer under the NYSHRL.

13. At all times material, Defendant Marty Perricone was an employee of Defendant UPS, holding the title of Division Manager.

14. At all times material, Defendant Perricone was Plaintiff's supervisor and had supervisory authority over Plaintiff.

15. At all times material, Defendant Perricone had the power to hire Plaintiff.

16. At all times material, Defendant Perricone had the power to fire Plaintiff.

17. At all times material, Defendant Perricone had the power to demote Plaintiff.

18. At all times material, Defendant Perricone had the power to promote Plaintiff.

19. At all times material, Defendant Perricone had the power to directly affect the terms and conditions of Plaintiff's employment.

20. At all times material, Defendant Perricone had the power to direct Plaintiff's daily work activities.

21. Defendant UPS and Defendant Perricone are collectively referred to herein as "Defendants."

## MATERIAL FACTS

22. Plaintiff earned approximately $84,000 per annum working for Defendants as a delivery driver before benefits and bonuses.

23. Defendant UPS operates an international parcel delivery service with a total of approximately 500,000 employees.

24. UPS operates out of "facilities" that receive packages, sort the packages, and then send the packages out for delivery with drivers.

25. There are more than 500 facilities in more than 125 countries.

26. Plaintiff worked for Defendants out of their facility in Kingston, New York.

27. On or about April 9, 2020, Plaintiff told Service Manager Ed Bishop, Plaintiff's direct supervisor, Dave Caffeldo, and Kathy Natalie that he intended to take protected leave under the FMLA.

28. On or about April 14, 2020, Plaintiff submitted an application for leave to Defendant UPS.

29. On or about April 16, 2020, Mr. Bishop approved Plaintiff's request for leave.

30. Mr. Bishop told Plaintiff not to worry about setting a return date, and told Plaintiff, in sum and substance, "don't worry about it" and "come back whenever you want."

31. Plaintiff estimated that he would be out on leave for a maximum of ten weeks.

32. Accordingly, starting on or about April 9, 2020, Plaintiff took time from work to care for his daughter for what he anticipated would be no more than ten weeks.

33. Defendants paid Plaintiff during much period of this leave.

34. Plaintiff used his available paid time off during this leave.

35. Defendants paid Plaintiff through approximately April 26, 2020.

36. On or about May 18, 2020, Plaintiff informed Mr. Bishop that Plaintiff intended to resume working for Defendants.

37. However, Mr. Bishop informed Plaintiff that Plaintiff was no longer employed by Defendants because of unexcused absences.

38. On or about May 19, 2020, Marty Perricone, a UPS Division Manager operating out of East Syracuse, New York, sent Plaintiff a "Termination Letter."

39. The Termination Letter read:

> Dear Anthony,
>
> You have failed to report to work as scheduled since April 9, 2020. In addition, you have failed to provide any prior notification and documentation of any Company Authorization for your absence. Your absence is unauthorized and as such your employment at UPS has been terminated.
>
> This is an Official Discharge Notice as outlined in the current labor agreement between UPS and I.B.T. Local 294.

40. However, as discussed, Plaintiff had applied for leave, been approved for leave, was not scheduled for work while he was on leave. Indeed, Plaintiff even was paid using his accrued time off while he was on leave.

41. As such, the stated basis for terminating Plaintiff is a mere pretext for discrimination and/or retaliation against Plaintiff for engaging in protected activity.

42. The pretextual nature of Defendants' stated basis for terminating Plaintiff is also evidenced by the temporal proximity between Plaintiff's initial request for leave and Plaintiff's termination—a period of less than six weeks.

43. To the extent that Plaintiff was not properly approved for FMLA leave, Defendants represented to Plaintiff that Plaintiff was approved for FMLA leave with reason to believe that Plaintiff would rely on this representation.

44. Plaintiff reasonably relied on this representation to his detriment when he took leave.

45. Defendants are estopped from arguing that Plaintiff was not eligible for leave under the doctrine of equitable estoppel.

46. Defendants are estopped from arguing that they are not liable to Plaintiff for violating his right to take protected leave under the doctrine of equitable estoppel.

47. Defendant UPS knew or should have known of the discriminatory conduct and failed to take corrective measures within its control.

48. But for Defendant Perricone's position at UPS, Defendant Perricone would not have been able to subject Plaintiff to the unlawful treatment alleged above.

49. Plaintiff was repulsed, offended, disturbed, humiliated, and disgusted by this blatantly unlawful and retaliatory termination.

50. Defendants created a hostile work environment which unreasonably interfered with Plaintiff's ability to perform Plaintiff's job.

51. The above are just some of the ways Defendants discriminated against and retaliated against Plaintiff while employing Plaintiff.

52. Defendants treated Plaintiff this way due to Plaintiff's familial status (parent).

53. Defendants treated Plaintiff this way due to Plaintiff's request for leave to take care of his daughter.

54. Defendants treated Plaintiff this way because Plaintiff took leave to care for his daughter.

55. Defendants acted intentionally and intended to harm Plaintiff.

56. Defendants unlawfully discriminated against, retaliated against, humiliated, degraded, and belittled Plaintiff. As a result, Plaintiff suffers loss of rights, emotional distress, and loss of income.

57. Plaintiff's performance was, upon information and belief, above average and satisfactory while working for Defendants.

58. Plaintiff was qualified for his position with Defendants.

59. As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of employment, income, the loss of a salary, loss of bonus, loss of benefits, other compensation which such employment entails, special damages, and great inconvenience.

60. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

61. Defendants acted maliciously, willfully, outrageously, and with full knowledge of the law.

62. As such, Plaintiff demands punitive damages as against all Defendants, jointly and severally.

## FIRST CAUSE OF ACTION
## FOR INTERFERENCE UNDER THE FMLA

63. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

64. The FMLA, at 29 U.S.C. § 2615, titled "Prohibited Acts," provides in relevant part:

> (a) Interference with rights
>
> (1) Exercise of rights
>
> It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.

65. Defendants violated the section(s) cited herein as set forth.

## SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER THE FMLA

66. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

67. The FMLA, at 29 U.S.C. § 2615, titled "Prohibited Acts," provides in relevant part:

> (2) Discrimination
>
> It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

68. Defendants violated the section(s) cited herein as set forth.

## THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK STATE EXECUTIVE LAW

69. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

70. New York State Executive Law § 296(1) provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

71. Defendants violated the section cited herein as set forth.

## FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK STATE EXECUTIVE LAW

72. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

73. New York State Executive Law § 296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

74. Defendant Perricone violated this statute as set forth.

## FIFTH CAUSE OF ACTION
## FOR RETALIATION UNDER THE NEW YORK STATE EXECUTIVE LAW

75. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

76. New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

77. Defendants violated the section cited herein as set forth.

## JURY DEMAND

78. Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the FMLA and NYSHRL in that Defendants discriminated against Plaintiff based on Plaintiff's familial status, interfered with Plaintiff's rights under the FMLA, retaliated against Plaintiff for engaging in activity protected under the FMAL, and wrongfully terminating Plaintiff;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and conduct and to otherwise make Plaintiff whole for any losses suffered because of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental and emotional injury, distress, pain, suffering, and injury to Plaintiff's reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just, and proper to remedy Defendants' unlawful employment practices.

Dated:  Rhinebeck, New York
        June 18, 2021

*/s/ H. Joseph Cronen*
H. Joseph Cronen (HC 4814)
Nathaniel K. Charny (NC 5664)
Charny & Wheeler P.C.
9 West Market Street
Rhinebeck, New York  12572
Tel - (845) 876-7500
Fax - (845) 876-7501
jcronen@charnywheeler.com
ncharny@charnywheeler.com

Attorneys for Plaintiff Anthony Gresch