UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY GRESCH,

                              Plaintiff,

                -v.-

UNITED PARCEL SERVICE OF
AMERICA, INC., and MARTY
PERRICONE, *individually*,

                              Defendants.

21 Civ. 5383 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On March 22, 2022, Plaintiff Anthony Gresch filed a letter seeking either an order quashing Defendants United Parcel Service of America, Inc., and Marty Perricone's proposed third-party subpoenas under Federal Rule of Civil Procedure 45 or the entry of a protective order under Federal Rule of Civil Procedure 26. (Dkt. #28; *see also* Dkt. #33 (copies of Defendants' proposed subpoenas)). Plaintiff's principal contention is that Defendants' proposed subpoenas are disproportionate to the needs of the case because they seek information from Plaintiff's current and former employers, thereby imperiling his ability to maintain employment. (Dkt. #28). Defendants filed a responsive letter on March 25, 2022, arguing that the subpoenas seek relevant information that they have been unsuccessful in obtaining through other means and are not disproportionate to the needs of the case. (Dkt. #29). For the reasons that follow, the Court defers decision on Plaintiff's motion and will permit Plaintiff to produce the relevant records in his possession in lieu of

allowing Defendants to issue the subpoenas.  If Plaintiff fails to provide the documents, the Court will permit Defendants to issue the proposed subpoenas.

## DISCUSSION

Federal Rule of Civil Procedure 45(a)(1) allows a party to serve a subpoena on a non-party for the production of documents.  *See* Fed. R. Civ. P. 45(a)(1).  Under Rule 45(d), a party whose personal rights are implicated by a subpoena may move to quash or modify the subpoena if it "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv); *see also Dowling* v. *New York-Presbyterian/Weill Cornell Med. Ctr.*, No. 19 Civ. 2114 (LJL), 2020 WL 1243780, at *2 (S.D.N.Y. Mar. 16, 2020) (stating that "[t]he courts in this Circuit have repeatedly held that the personal rights of a party include privacy interests in documents such as personnel records") (collecting cases).

On a motion to quash, "[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings."  *Night Hawk Ltd.* v. *Briarpatch Ltd.*, No. 03 Civ. 1382 (RWS), 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003).  If the party issuing the subpoena establishes the relevance of the materials sought, the burden then shifts to the movant to demonstrate an undue burden.  *See Griffith* v. *United States*, No. M8-85 (JFK), 2007 WL 1222586, at *2 (S.D.N.Y. Apr. 25, 2007).  The trial court has broad discretion

to determine whether a subpoena imposes an undue burden.  *See Jones* v. *Hirschfeld*, 219 F.R.D. 71, 74 (S.D.N.Y. 2003).

Here, the Court finds that Defendants have established the relevance of the information sought in their proposed subpoenas.  Defendants' subpoenas seek (i) documents related to the compensation and benefits Plaintiff received following his employment with Defendants; (ii) Plaintiff's subsequent job applications; and (iii) records related to Plaintiff's termination from his subsequent employment.  (*See* Dkt. #33).  As Defendants observe (Dkt. #29), courts have found this information to be relevant in similar cases seeking lost wages and benefits, emotional damages, and other damages resulting from alleged discrimination and retaliation.  *See DeLorenzo* v. *Spartan Sec. Servs., Inc.*, No. 18 Civ. 119 (LTS) (HBP), 2018 WL 3979597, at *2 (S.D.N.Y. Aug. 20, 2018) (permitting defendant to issue third-party subpoenas seeking, among other things, "compensation and benefit information … [d]ocuments concerning any decision by a Witness to fire plaintiff … [and] employment applications or resumes"); *Al Hmoud* v. *Altice USA, Inc.*, No. 20 Civ. 4806 (FB) (RLM), 2022 WL 462393, at *1 (E.D.N.Y. Feb. 15, 2022) (permitting similar subpoenas).

Notwithstanding the relevance of the records records described in Defendants' proposed subpoenas, the Court is mindful that courts in the Second Circuit often "require relevant information about subsequent employment to be obtained through less intrusive means; usually, through the plaintiff."  *Abdelsayed* v. *New York Univ.*, No. 17 Civ. 9606 (VSB) (KHP), 2019 WL 2336533, at *2 (S.D.N.Y. June 3, 2019) (collecting cases).  In this case,

Defendants' subpoenas are addressed to Plaintiff's former and current employers. (*See* Dkt. #33). Defendants represent that Plaintiff has refused to provide the documents directly to Defendants, leaving them with no ability to obtain the documents except through Plaintiff's former employers. (Dkt. #29 at 3). Plaintiff states, however, that he "has indicated that he will supplement his production to demonstrate his earnings with his new current employer" and can provide additional information at his deposition. (Dkt. #28 at 2). Accordingly, the Court will defer decision on Plaintiff's motion until the close of fact discovery to allow Plaintiff to choose whether to produce the records to Defendants in the first instance. If Plaintiff does not provide the records to Defendants, Defendants may then issue subpoenas for them.

## CONCLUSION

For the foregoing reasons, the Court defers decision on Plaintiff's motion to quash. Plaintiff is hereby ORDERED to file a letter stating whether he has provided the records described in Defendant's proposed subpoenas to Defendants by **April 22, 2022**. Upon receiving Plaintiff's letter, the Court will determine whether to permit Defendants to issue their proposed subpoenas.

SO ORDERED.

Dated: April 14, 2022
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge